UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT SCHMONSEES and
JUDITH SCHMONSEES,

    Plaintiffs,

v.    Case No.3:09-cv-1004-J-12JBT

CARE MEDICAL EQUIPMENT, INC.,
etc., and GF HEALTH PRODUCTS, INC., etc.,

    Defendants.

___

## ORDER

This cause is before the Court on Defendants' Motion for Summary Judgment (Doc. 51)(which includes the motion, a brief in support, and a statement of undisputed facts)("motion for summary judgment"), filed December 15, 2010, and on the various other submissions in support thereof (Docs. 53-64 and 75). On January 13, 2011, Plaintiffs' Memorandum of Law in Opposition (Doc. 72) was filed. Plaintiffs also submitted various documents in opposition to the motion for summary judgment (Docs. 68-71, 73-74 and 76-77). On March 2, 2011, the Court conducted a hearing on the motion. For the reasons set forth below, the Court will grant in part and deny in part Defendants' motion for summary judgment.

### Facts

In November 2007, Plaintiff Robert Schmonsees, a paraplegic, ordered and purchased an Everest and Jennings Rehab Shower Commode Chair ("shower chair") from distributor/retailer Defendant Care Medical Equipment, Inc. ("Care Medical"). The shower

chair was shipped to Plaintiff Robert Schmonsees by the designer/manufacturer Defendant GF Health Products, Inc. ("GF").

Plaintiff Robert Schmonsees claims that in the course of his use of the shower chair, certain hex head bolts on the footrests caused wounds to the outside of his ankles in late 2008, which ultimately resulted in infections, and in both his legs being amputated below the knees in early 2009. Plaintiffs maintain that the use of a hex head bolt with sharper edges rather than the rounded head bolt that had been used previously on the shower chair's footrest, the failure to countersink the hex bolt, the failure to adequately test the shower chair, the failure to warn about the chair's defects, and the failure to recall it amounted to a failure to use reasonable care to protect him from an unreasonable risk of injury in the foreseeable use of the shower chair. He also asserts that the shower chair was an unreasonably dangerous and defective product at the time it was designed, manufactured, and placed into the stream of commerce. Plaintiffs' Complaint (Doc. 1) seeks damages against Defendant Care Medical, the distributor/retailer of the shower chair, for Negligence, Strict Liability, Breach of Implied Warranty, and Loss of Consortium (Counts I-IV), and against Defendant GF, the designer/manufacturer of the shower chair for those same four causes of action (Counts V-VIII).

## Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v.

2

Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The purpose of summary judgment is to dispose of unsupported claims or defenses which, as a matter of law, do not raise issues of material fact suitable for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In determining whether the movant is entitled to summary judgment, the Court must view all the evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party, and must resolve all reasonable doubts in favor of the non-movant. See, e.g., Rioux v. City of Atlanta, Georgia, 520 F.3d 1269, 1274 (11th Cir. 2008)(citations omitted).

## Analysis Under Applicable Law

Defendants seek summary judgment on all of Plaintiffs' claims. The Court has reviewed all of the parties submissions, including some 17 depositions with their various exhibits, and has heard argument of counsel on the motion for summary judgment. The depositions the Court has reviewed include those of experts for both Plaintiffs and Defendants, Plaintiffs themselves, various caregivers for Plaintiff Robert Schmonsees, and corporate representatives for the Defendants. With regard to the causes of action under Florida law against both Defendants for Negligence, Strict Liability, and Loss of Consortium[1], viewing the facts in the light most favorable to Plaintiffs, numerous questions of fact exist for the trier of fact regarding whether Defendants breached a duty of care with regard to design, manufacture, sale, warnings or testing of the shower chair, whether the

---

[1] Defendant Care Medical has argued that it cannot be liable for Negligence or Strict Liability because it is undisputed that it had no participation in the design or manufacture of the shower chair. However, the cases cited in Plaintiffs' Memorandum of Law in Opposition (Doc. 72) make it clear that under Florida law, a distributor of an unreasonably dangerous or defective product may be liable under either theory of recovery. See cases cited at 3-6 and 13-14.

3

shower chair was unreasonably dangerous or defective as designed and placed into the stream of commerce, and the cause of Plaintiff Robert Schmonsees ankle injuries, infections and ultimate amputation of his legs below the knees, as well as the amounts of damages to which Plaintiffs may be entitled. As a result, Defendants are not entitled to summary judgment on those causes of action contained in Counts I, II, IV, V, VI and VIII of Plaintiffs' Complaint (Doc. 1).

With regard to Counts III and VII, asserting causes of action for Breach of Implied Warranty against Defendants Medical Care and GF respectively, Plaintiffs admit that privity must exist between a distributor/retailer or designer/manufacturer and an injured party, in order to support a cause of action for Breach of Implied Warranty. See Doc. 72 at 28. Plaintiffs claim that privity exists between Plaintiff Robert Schmonsees and Defendant Care Medical from whom he purchased the shower chair. The Court agrees and finds that the numerous questions of material fact contained in the record preclude summary judgment for Defendant Medical Care as to Count III of the Complaint.

Plaintiffs also state that "the existence of privity between [Defendant GF] and the Plaintiffs is an unresolved question." Doc. 72 at 29. However, they do not point to any evidence in the record to support the existence of a question of fact regarding this issue. Therefore, the Court finds that Defendant GF is entitled to summary judgment as to Count VII of the Complaint.

Upon review of the matter, it is

**ORDERED AND ADJUDGED:**

That Defendants' Motion for Summary Judgment (Doc. 51) is granted in part and denied in part as follows: a) it is granted as to Count VII of the Complaint (Doc. 1) in favor

of Defendant GF Health Products, Inc., and against Plaintiffs, on their cause of action for Breach of Implied Warranty; and b) is denied in all other respects.

**DONE AND ORDERED** this 27TH day of April 2011

*Howell W. Melton*
SENIOR UNITED STATES DISTRICT JUDGE

c:   Counsel of Record