UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT SCHMONSEES and
JUDITH SCHMONSEES,

      Plaintiffs,

v.

                                  Case No.3:09-cv-1004-J-12JBT

CARE MEDICAL EQUIPMENT, INC.,
etc., and GF HEALTH PRODUCTS, INC., etc.,

      Defendants.

_____

## ORDER

      This cause is before the Court on Plaintiffs' Motion to Strike Defendants' Untimely Daubert Motion (Doc. 85), filed April 1, 2011, and Defendants' response in opposition thereto (Doc. 87), filed April 12, 2011.  Plaintiffs seek to strike Defendants' Motion to Exclude Testimony of Plaintiffs' Expert (Doc. 83), filed March 29, 2011, as an untimely potentially dispositive motion pursuant to the Court's Case Management and Scheduling Order (Doc. 21).

      The version of the Court's Case Management Report the parties' filed (see Docs. 3 and 19) did not address a separate deadline for the filing of Daubert motions, but only a deadline for "potentially dispositive motions." The Court's Case Management and Scheduling Order sets a "deadline for dispositive motions." See Doc. 21. For the reasons set forth in Defendants' response, in the past, the Court generally has not considered Daubert motions to be included in that category, and has set a separate deadline when advised by a party that

such motion was anticipated.[1]    Plaintiffs have provided no factual basis or analysis to support their assertion that Defendants' Motion to Exclude Testimony of Plaintiffs' Expert (Doc. 83) is potentially dispositive and should be stricken as untimely.  While it may in fact potentially be dispositive, the Court finds that striking the motion would not serve the interests of justice, as Defendants may reasonably have believed Daubert motions were not included in the dispositive motion deadline, and the final pretrial conference and trial remain to be scheduled in this case.  Therefore, the Court will deny Plaintiffs' Motion to Strike Defendants' Untimely Daubert Motion (Doc. 85)

By Order entered this date, the Court granted in part and denied in part Defendants' Motion for Summary Judgment (Doc.51). The case is now ready to be rescheduled for a final pretrial conference and for trial on Counts I, II, III, IV, V, VI and VIII of Plaintiffs' Complaint (Doc. 1).[2] The parties have estimated the length of the jury trial in this case as five (5) days. See Doc. 19.

As of this date, the only pending motion is Defendants' Motion to Exclude Testimony of Plaintiffs' Expert (Doc. 83), to which the Court has stayed Plaintiffs' response pending resolution of their motion to strike it.

Upon review of the matter, it is

**ORDERED AND ADJUDGED:**

1.      That Plaintiffs' Motion to Strike Defendants' Untimely Daubert Motion (Doc. 85)

---

[1]      Because sometimes the Court would not be advised of the intent to file a Daubert motion until the final pretrial conference, often necessitating delay in the scheduling of trial, the Court has revised its Case Management Report as of January 2011 to include scheduling a specific deadline for Daubert motions.

[2]      Defendants' Answers are found at Docs. 5 and 26.  Defendant Care Medical Equipment, Inc. has voluntarily dismissed its crossclaim found in Doc. 26. See Doc. 82.

is denied; and

2.      That Plaintiffs' response to Defendants' Motion to Exclude Testimony of Plaintiffs' Expert (Doc. 83) shall be due fourteen (14) days from the date of this Order; and

3.      That the undersigned hereby recuses himself from all further proceedings in this case, and the Clerk is hereby directed to reassign this case to an active district judge or to the unassigned docket which is currently being managed by the active judges, with the consent of the active judges, for all further proceedings, including the resolution of Defendants' Motion to Exclude Testimony of Plaintiffs' Expert (Doc. 83), and the rescheduling of the final pretrial conference and trial.

**DONE AND ORDERED** this __27th__ day of April 2011.

_Howell W. Melton_
Senior United States District Judge

c:      Counsel of Record