UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT SCHMONSEES and
JUDITH SCHMONSEES,

    Plaintiffs,

v.                                              CASE NO. 3:09-cv-1004-J-34JBT

CARE MEDICAL EQUIPMENT, INC.,
etc., and GF HEALTH PRODUCTS,
INC., etc.,

    Defendants.
_____/

# ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Limit Dr. Stewart MacIntyre's Trial Testimony and Incorporated Memorandum of Law ("the Motion") (Doc. 105) and Defendants' response in opposition (Doc. 106). For the reasons stated herein, the Motion will be **DENIED**.[1] However, at Plaintiffs' option, they may re-depose Dr. MacIntyre regarding the Supplemental Notice (Doc. 105-3) on or before October 14, 2011, and discovery will be re-opened for that limited purpose.

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). However, "[e]ven if the Court finds that a party's failure to disclose evidence is neither substantially justified or harmless, 'the sanction of exclusion is not mandatory.' Rather the court has discretion to formulate the best penalty for the failure to disclose."

---

[1] Given the time constraints in light of the upcoming Final Pretrial Conference, the Court will only briefly address the reasoning for this decision.

*Tampa Bay Water v. HDR Eng'g, Inc.*, 2011 WL 3475548, at *3 (M.D. Fla. Aug. 9, 2011) (citations omitted). Moreover, "'[t]he Court vastly prefers to decide cases on their merits,'" rather than excluding evidence. *Collins v. United States*, 2010 WL 4643279, at *5 (M.D. Fla. Nov. 9, 2010) (citation omitted).

Even assuming that Defendants' disclosures contained in the Supplemental Notice were untimely,[2] it appears that Defendants acted in good faith based on their reading of Rule 26(e)(2) and the applicable Case Management Order and Report (Docs. 19 & 21). *See Faalevao v. Mechem*, 2011 WL 1883804 at *3 (E.D. Cal. May 17, 2011) ("Sanctions [under Rule 37(c)(1)] are also not ordinarily applied where the defaulting party made a good-faith effort to comply."). Accordingly, even assuming that Defendants failed to timely disclose the additional materials reviewed by Dr. MacIntyre, such failure appears substantially justified.

Moreover, the Court finds Defendants' failure to timely disclose the subject information harmless. First, the subject information reviewed by Dr. MacIntyre appears largely to be deposition testimony of doctors, the records of whom Dr. MacIntyre already reviewed. Second, Defendants have represented that Dr. MacIntyre's opinions have not changed after reviewing the documents listed in the Supplemental Notice. As explained by this Court in *Tampa Bay Water*, the risk of surprise at trial is one of the primary considerations in determining whether to exclude evidence under Rule 37(c)(1).

---

[2] The Court need not decide that issue. For purposes of the remainder of this Order, the Court will assume that Defendants did fail to timely disclose the subject information.

2011 WL 3475548, at *3. Although Plaintiffs should be given the opportunity to question Dr. MacIntyre regarding his review of these additional materials, the situation presented does not warrant the requested relief of having the expert ignore and artificially exclude information he has been given.[3]

Therefore, the Motion will be denied. The Court will permit Plaintiffs, at their option, to re-depose Dr. MacIntyre regarding the additional materials he reviewed, as disclosed in the Supplemental Notice, and will require Defendants to immediately provide potential dates to Plaintiffs for the subject deposition to take place no later than October 14, 2011 (to the extent they have not already done so (*see* Doc. 109)).

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 105**) is **DENIED**.

2. Plaintiffs may re-depose Dr. MacIntyre regarding the additional materials he reviewed, as disclosed in the Supplemental Notice (Doc. 105-3), **on or before October 14, 2011**, and discovery is re-opened for that limited purpose.

3. To the extent that Defendants have not already done so, they shall immediately provide potential dates to Plaintiffs for the subject deposition to take place **no later than October 14, 2011**.

---

[3] Indeed, the relief requested presents a practical problem of ensuring that the expert maintains at all times during his testimony the distinction between information he reviewed on separate occasions that undoubtedly overlaps to some extent.

**DONE AND ORDERED** at Jacksonville, Florida, on October 5, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge


Copies to:   Counsel of Record